UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CHAD DOUGLAS DRESSEN,<br><br>      Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>      Respondent. | 4:18-CV-04153-KES<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>DOCKET NO. 17 |

  This matter is before the court on the *pro se* motion by Chad Douglas Dressen, an inmate at a federal penitentiary, to vacate, modify or correct his sentence pursuant to 28 U.S.C. § 2255. See Docket No. 1. The United States of America ("government"), respondent, has not yet filed a response to Mr. Dressen's motion. Mr. Dressen now moves the court for court-appointed counsel to represent him in this matter. See Docket No. 17.

  "There is no recognized constitutional right under the Sixth Amendment for the appointment of counsel in habeas corpus cases." Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994). Because a habeas action is civil in nature, the Sixth Amendment right to counsel applicable in criminal proceedings does not apply. Id.

  The statutory basis for the appointment of counsel in a habeas case is found at 18 U.S.C. § 3006A(a)(2)(B) and Rules 6(a) & 8(c), Rules Governing

Section 2255 Cases in United States District Courts, 28 U.S.C. foll. § 2255. Those statutes provide in relevant part:

> **18 U.S.C. § 3006A(a)(2)(B):**
>
> (2) Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who–
>
> **
>
> (B) is seeking relief under section 2241, 2254, or 2255 of title 28
>
> **Rule 6(a):**
>
> If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.
>
> **Rule 8(c):**
>
> If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A . . . These rules do not limit the appointment of counsel under § 3006A at any stage of the proceeding.

The appointment of counsel in a habeas case is discretionary when no evidentiary hearing is necessary. Hoggard, 29 F.3d at 471 (citations omitted). In this case, it has not yet been determined whether an evidentiary hearing is warranted.

"In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors." Id. Most importantly, "where the issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel."

In this case, Mr. Dressen appears more than up to the task of representing himself. His motion raises three grounds for relief. See Docket No. 1. He has filed a detailed memorandum and affidavit in support of those grounds for relief containing facts and law in support of his motion. See Docket Nos. 2 & 3. It is not yet known what issues will be contested by the government because the government has yet to respond to Mr. Dressen's motion. Therefore, the court finds it is premature to determine if there is a need for court-appointed counsel to represent Mr. Dressen. Should the court determine that an evidentiary hearing will be necessary in order to resolve one or more of Mr. Dressen's grounds for relief, the court will revisit the issue of appointing counsel for Mr. Dressen at that time.

Based on the foregoing law, facts, and analysis, it is hereby

ORDERED that Mr. Dressen's motion for court-appointed counsel [Docket No. 17] is denied.

DATED this 19th day of February, 2019.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge