UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CHAD DOUGLAS DRESSEN,<br><br>                Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                Respondent. | 4:18-CV-04153-KES<br><br>ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION IN FULL AND DISMISSING THE MOTION IN PART |

Movant, Chad Douglas Dressen, moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Docket 1.[1] The United States now moves to dismiss the petition. Docket 19. The matter was referred to United States Magistrate Judge Veronica L. Duffy under 28 U.S.C. § 636(b)(1)(B) and this court's October 16, 2014 standing order. The Magistrate Judge recommends that the United States's motion to dismiss be granted "in all respects except that an evidentiary hearing should be held on Mr. Dressen's ineffective assistance of counsel claim in which he asserts he asked his lawyer to file an appeal and his lawyer failed to file the appeal." Docket 23 at 35. The United States did not object to the Magistrate Judge's report and recommendation. Docket 24. Dressen filed an amended objection to the report and

---

[1] Within this opinion, the court cites to documents in Dressen's civil habeas case by citing the court's docket number. The court will cite to "Cr." when citing to documents filed in Dressen's criminal case found at 4:17-CR-40047-KES.

recommendation. Docket 31. The court grants Dressen leave to amend his objections and now considers his amended objections (Docket 31).

**FACTUAL BACKGROUND**

A full factual background was provided by the Magistrate Judge in her report and recommendation. Docket 23. Therefore, this court will only give a simple explanation and points to the Magistrate Judge's report and recommendation for the full background.

Dressen was indicted with a co-defendant for conspiracy to distribute 50 grams or more of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. *See* Cr. Docket 1. Dressen obtained private counsel, D. Sonny Walter. *See* Cr. Docket 40. The government filed an information under 21 U.S.C. § 851(a) to seek an increased punishment because Dressen had a prior felony drug conviction. Cr. Docket 72. The conviction set forth in the § 851(a) information was for fifth-degree possession of drugs in Lincoln County, Minnesota on June 26, 2015 (hereinafter referred to as Fifth-Degree Possession). *Id.*

Dressen signed a plea agreement. Cr. Docket 73. He agreed to plead guilty to the indictment, that carried a penalty of 120 months mandatory minimum imprisonment and a possible maximum of up to life imprisonment. *Id.* at 2. The plea agreement states "[t]he Defendant agrees that he was convicted of this offense and further agrees not to challenge the enhanced penalty based on this prior conviction [referencing the Fifth-Degree

Possession.]" *Id.* at 6. Under the plea agreement, Dressen waived his right to appeal any non-jurisdictional issues unless the court sentenced him higher than his advisory guideline range (either by variance or departure) under the United States Sentencing Guidelines (U.S.S.G.). *Id.* at 7.

At the change of plea hearing, Dressen admitted that he had been convicted of Fifth-Degree Possession in Minnesota (used for the § 851(a) information) and that this conviction was final. Cr. Docket 98 at 9-11. Walter, Dressen's attorney, filed nine objections for the draft presentence report (PSR). Cr. Docket 89. Walter objected to the drug quantity calculations (that affected the base-offense level) and to the base-offense level of 38. *See id.* He argued that the base-offense level should have been a 29 and the criminal history category was III. *Id.* ¶ 9. Walter also objected to the two-point increase based on Dressen engaging in a high-speed chase with law enforcement and argued that Dressen's actions did not constitute a grave risk to public safety. *Id.* ¶ 6. The high-speed chase was established through law enforcement investigative reports. *See* Cr. Docket 92. The drug calculation was based on information provided by a confidential source, sources of information, and a named individual who all had knowledge of Dressen's drug trafficking activities. *See id.* at 1-2. Dressen also spoke to law enforcement about his drug calculations. Cr. Docket 91 ¶14.

The probation officer did not change the PSR in light of the objections. *See* Cr. Docket 92. At the sentencing hearing, Walter withdrew his objections to the PSR and the United States did not object but noted that the parties had

stipulated to a drug quantity that resulted in a base-offense level of 36. Cr. Docket 100 at 3-4. At the sentencing hearing both Walter and the United States agreed that the Dressen fell within criminal history category III. *Id.* at 4-5. After other enhancements and reductions, the total offense level was determined to be a 35 and the criminal history category was III resulting in a U.S.S.G. range was 210-262 months with a mandatory minimum of ten years. *Id.* at 5. Although Walter withdrew Dressen's objections to the PSR, he argued at the sentencing hearing that Dressen is a "blowhard" and "has a habit of puffery." *Id.* Walter argued that Dressen was entitled to a downward variance because "three-quarters of the conduct" that went into the calculation of the base-offense level was conduct that occurred 10 years ago and was not within the range of the factual basis statement. *Id.* at 5-6. Regardless of these assertions, Dressen was sentenced to 210 months imprisonment, within and at the bottom of the U.S.S.G. range. *Id.* at 9-10.

Dressen filed a pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Docket 1. He argues that his counsel, Walter, was ineffective when he failed to file a notice of appeal after Dressen requested him to do so and for failing to object to the calculation of the U.S.S.G. sentencing range. Docket 1 at 3-4; Docket 2 at 3-7. In the report and recommendation, the Magistrate Judge recommends that the United States's motion to dismiss (Docket 19) be granted "in all respects except that an evidentiary hearing should be held on Mr. Dressen's ineffective assistance of counsel claim in

which he asserts he asked his lawyer to file an appeal and his lawyer failed to file the appeal." Docket 23 at 35.

## STANDARD OF REVIEW

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

## DISCUSSION

I. **Ineffective Assistance of Counsel**

   A. **Legal Standard**

Dressen's claims involve his Sixth Amendment right to effective assistance of counsel. Docket 1. In order to establish ineffective assistance of counsel, a petitioner must meet the two-pronged standard articulated by the United States Supreme Court in *Strickland v. Washington. See* 466 U.S. 668, 687 (1984). "First, the [petitioner] must show that counsel's performance was deficient." *Id.* This "performance prong" requires a petitioner to show that counsel's representation was deficient and "fell below an objective standard of reasonableness." *Id.* at 687-88. To show deficiency, a petitioner must show " 'that counsel made errors so serious that counsel was not functioning as the

'counsel' guaranteed the defendant by the Sixth Amendment.' " *Ragland v. United States*, 756 F.3d 597, 599-600 (8th Cir. 2014) (quoting *Strickland*, 466 U.S. at 687). This court must assess "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688.

There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690.

"Second, the [petitioner] must show that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. This "prejudice prong" requires the petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* In other words, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691.

6

### B. Dressen's Objections

Dressen does not object to the Magistrate Judge's recommendation for an evidentiary hearing regarding his ineffective assistance of counsel claim for failure to file a notice of appeal. *See* Docket 31 at 1. The rest of his objections mainly restate the main points in Dressen's motion. Dressen objects to the Magistrate Judge's findings that he was not prejudiced by Walter for not objecting to his PSR regarding his criminal history and base-offense level. Docket 31 at 2.

First, Dressen argues that his counsel was ineffective because he called him a " 'drug dealer' before even having the verdict of <u>GUILTY</u>. Counsel's prejudgment of the Petitioner demonstrated pure prejudice towards his client NO LONGER having his clients 'best interests at heart.' " *Id.* at 1 (emphasis in original). The Magistrate Judge's report and recommendation did not address this issue directly, but this court holds that Dressen has not established the prejudice prong under *Strickland*. The prong is not whether counsel shows prejudice against their client but rather that there is a reasonable probability that but for counsel's deficient performance, the outcome would have been different. *See Strickland*, 466 U.S. at 694. This court does not comment on whether calling a client a drug dealer is deficient performance but merely finds that Dressen has not shown he was prejudiced by this comment, if it in fact was made. Further, there was no jury to hear such a claim because Dressen pleaded guilty to the charges. *See* Cr. Docket 73.

Second, Dressen argues that he was prejudiced under *Strickland* when Walter did not object to the PSR regarding his criminal history points. *See* Docket 31 at 2. Dressen asserts that he was acquitted of his firearm charge and that he is currently awaiting a ruling from the Minnesota Court of Appeals. *Id.* at 3. Dressen was placed in criminal history category III because he had four criminal history points. Cr. Docket 91 at 11-12. Dressen received two points for his conviction for possession of drugs in the fifth degree and possession of a pistol/assault [Fifth-Degree Possession] and two points for "committ[ing]the instant offense while under a criminal justice sentence" for the previously mentioned conviction. *Id.* Thus, Dressen had four criminal history points placing him in category III. *Id.*

Dressen argues that he was acquitted of the firearm charge and can show prejudice under *Strickland* regarding his criminal history points:

> The Petitioner was given a ____ level enhancement for an uncharged, non-committed offense, 2 points for a firearm on the <u>INSTANT</u> offense and enhanced his <u>BASE LEVEL</u> Offense on an admittance of drug <u>USAGE</u> over a ten (10) year time period, <u>NOT</u> within a conspiracy that no statements, investigations nor informants (CI) purchases. Where the Magistrate Judge received the information that the Petitioner received, delivered or possessed the drug amount stated, is beyond the Petitioner's knowledge.

Docket 31 at 2 (emphasis in original).

Regardless of whether Dressen was convicted of the firearm charge that accompanied the Fifth-Degree Possession conviction, he would have still been assessed two criminal history points. Under U.S.S.G. § 4A1.2(a)(2)(B) "[i]f there is no intervening arrest, prior sentences are counted separately unless . . . the

8

sentences were imposed on the same day." The guideline indicates that sentences imposed on the same day are treated as a single sentence. *Id.* If Dressen was sentenced on the firearm charge he would have still received two points because he would have been sentenced on the same day. Dressen argues that he was acquitted of the firearm charge and not sentenced. *See* Docket 31 at 2. The Magistrate Judge analyzed this issue and concluded that even if Dressen was acquitted of the firearm charge, he would have still been assessed two criminal history points for the Fifth-Degree Possession charge. Docket 23 at 25. After de novo review, this court overrules Dressen's objection on this issue and adopts the Magistrate Judge's recommendation on this issue.

Third, Dressen argues that the court increased his base-offense level based on the quantity of drugs he personally used during a ten-year time period and that the base-offense level calculation is unsupported by the record. *See* Docket 31 at 2. During the sentencing hearing, Walter argued that Dressen's admission of bringing in information from 10 years ago was because he is a "blowhard[.]" *See* Cr. Docket 100 at 5-6. The court has reviewed the record and there is no indication that Dressen's personal drug use quantity was used to calculate his base-offense level. Instead, Dressen's base-offense level was based on the drug amount that he trafficked. *See* Cr. Docket 91. The drug quantity calculations were based on information from confidential sources and confidential informants who had personal knowledge of Dressen's drug trafficking activities. *Id.* at 4-7. Additionally, in a post-*Miranda* interview with law enforcement, Dressen said he had been "involved in the distribution of

methamphetamine for the past 10 years. He indicated he obtained 1 to 2 pounds of methamphetamine every three or four months." *Id.* ¶ 14. And Dressen discussed transporting the drug as well. *Id.*

When determining a defendant's base-offense level under the U.S.S.G., the conduct does not need to be proven beyond a reasonable doubt, but rather by the preponderance of the evidence. *See United States v. Tyndall*, 521 F.3d 877, 883 (8th Cir. 2008). Dressen's own statements to law enforcement in the post-*Miranda* interview and the information gathered from confidential sources were used to determine the drug quantities attributable to him. Dressen's objection that Walter was ineffective when he did not object to the base-offense level because it was based off his personal drug use is unfounded and not supported by the record. Because Dressen's objection is not supported by the record, his objections regarding his base-offense level are overruled.

Fourth, Dressen asserts that Walter was ineffective when he did not object to the base-offense level increase for flight from a police officer. Docket 31 at 2. Dressen argues that he was never charged with flight from the police and it should not have enhanced his offense level. *Id.* Because the conduct to increase a base-offense level need only be shown by a preponderance of evidence, this court overrules Dressen's objection. The information gathered about Dressen fleeing from police is supported by an investigative report. Docket 92 at 2.

Finally, Dressen argues that "[t]he district court has the ultimate responsibility to ensure that the Guidelines range it considers is correct, and

the '[f]ailure to calculate the correct Guidelines range constitutes procedural error.'" *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904 (2018) (quoting *Peugh v. United States*, 569 U.S. 530, 537 (2013)). "[T]he failure to correct a plain Guidelines error that affects a defendant's substantial rights will seriously affect the fairness, integrity, and public reputation of judicial proceedings." *Id.* at 1911. Here, the district court calculated the guideline range correctly, thus, *Rosales-Mireles* is not implicated. After de novo review of the record, this court overrules all of Dressen's objections and adopts the Magistrate Judge's report and recommendation in full.

## II.  Evidentiary Hearing

A court must order an evidentiary hearing "[u]nless the motion and files and records of the case conclusively show that the [petitioner] is entitled to no relief[.]" 28 U.S.C. § 2255(b); *see also Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013) ("Evidentiary hearings . . . are preferred, and the general rule is that a hearing is necessary prior to the motion's disposition if a factual dispute exists."). Affidavits of a petitioner's trial counsel can be included as part of the files and records of the case. *Thomas*, 737 F.3d at 1027. But a petition may be denied without a hearing if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995) (citations omitted). "While '[a] petitioner is entitled to an evidentiary hearing on a section 2255 motion unless

11

the motion and the files and the records of the case conclusively show that [he] is entitled to no relief,' no hearing is required 'where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.' " *New v. United States*, 652 F.3d 949, 954 (8th Cir. 2011) (quoting *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008)).

The Magistrate Judge recommended an evidentiary hearing regarding Dressen's ineffective assistance of counsel claim in which he asserts he asked Walter to file a notice of appeal and Walter failed to do so. Docket 23 at 35. The United States filed a notice of no objection to the Magistrate Judge's report and recommendation. Docket 24. Dressen's other claims would not entitle him to relief, thus evidentiary hearings are denied on those claims. This court adopts the Magistrate Judge's recommendation that an evidentiary hearing be held on Dressen's ineffective assistance of counsel claim regarding his attorney's failure to file a notice of appeal after directed. Dressen's other claims do not warrant an evidentiary hearing.

### III. Motion to Appoint Counsel

Dressen filed a motion to appoint counsel. Docket 30. He argues that he is unskilled and unable to articulate his claims. *Id.* He requests that "pursuant to the Sixth Amendment, appoint counsel to represent" him. *Id.* "If a district court conducts an evidentiary hearing on the petition, the interests of justice require that the court appoint counsel for the petitioner." *Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994) (citing 28 U.S.C. § 2254, Rule 8(c)). Because an evidentiary hearing will be held on Dressen's ineffective assistance of counsel

claim regarding his attorney not filing a notice of appeal when he asked him to, Dressen's motion to appoint counsel (Docket 30) is granted.

Thus, it is ORDERED

1. That Dressen's motion for leave to amend his objections (Docket 31) is granted.
2. That the United States's motion to dismiss (Docket 19) is granted in all respects except that an evidentiary hearing should be held on Dressen's ineffective assistance of counsel claim in which he asserts his attorney failed to file a notice of appeal after Dressen directed him to do so.
3. That all of Dressen's objections (Docket 31) are overruled and the Magistrate Judge's report and recommendation (Docket 23) is adopted in full.
4. That an evidentiary hearing will be scheduled by the Magistrate Judge for Dressen's remaining claim.
5. That Dressen's motion to appoint counsel (Docket 30) is granted and the court directs the Magistrate Judge to appoint counsel for the evidentiary hearing.

Dated December 9, 2019.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE